### Charles F. Johnson, Appellant, v. Peter Herdien et al., Appellees.

#### Gen. No. 14,925.

REDEMPTION—*when bill praying sufficient. Held*, that the bill in this case, which was to redeem from a deed absolute, was sufficient notwithstanding certain allegations which it was urged tended to show that such deed was made for the purpose of hindering creditors.

Bill for accounting, etc. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded with directions. Opinion filed April 8, 1910.

MATTHEWS S. BRADLEY, for appellant; NILS OLSON, of counsel.

CHARLES W. ESPEY, for appellees; WILLIAM A. CUNNEA, of counsel.

MR. JUSTICE MACK delivered the opinion of the court.

The question presented on this appeal is whether the court erred in sustaining a demurrer to the appellant's bill of complaint. The bill alleges that appellant Johnson and appellee Walter Herdien purchased in equal shares from appellee Peter Herdien, Walter's father, a certain lot, the price $9,600 to be secured by a second trust deed on the premises subject to a trust deed to secure sufficient money to be borrowed in order to build thereon a 22 apartment building; that they borrowed $50,000 for this purpose and gave a first trust deed therefor; that appellees conspired to get Johnson's half, without consideration, into Peter's possession and

worked a scheme falsely and fraudulently representing that Walter was liable to have a large judgment entered against him encumbering title and preventing sale; that Peter falsely and fraudulently represented that a receiver would be appointed making it impossible to raise money to care for the unsecured debts on said property from the rents; that he wanted title conveyed to him and that he would protect complainant, collect rents, pay unsecured creditors, the second mortgage, taxes and interest and would reconvey or convey to a purchaser on demand when reimbursed; that all the statements were false and made to cheat complainant; that Peter, an old friend of complainant, had urged the conveyance so as to protect himself as well as complainant; that there was no such claim against Walter and that the representations were made to cheat complainant and not to protect Walter from his creditors; that complainant had a *bona fide* offer of $70,000 for the property, notified Peter and demanded that he convey; that the price would have paid all indebtedness and advances and left about $6,000 profit; that he demanded an accounting which was refused; that while the deed was absolute, it was agreed that it was simply to secure the purchase price. The bill further offers to pay any balance found due on an accounting; that Peter pretends to hold the property in payment of the debt and refuses to account or to keep the property in good order. The prayer is for an accounting and reconveyance of complainant's half on payment of anything found due.

It seems to be conceded by the parties that this would be a good bill to redeem from a deed absolute on its face but intended as security only, were it not for the allegations which, appellees contend, show that the conveyance was made to hinder and defraud creditors.

Whatever may have been Walter's intention as to his half, Johnson should not lose his property, even if he joined Walter in conveying the whole piece in order to

hinder Walter's creditors. They had no claim of any kind on Johnson's half. So far as they were concerned he was free to do as he pleased with his half of the property; no act of his could hinder them in reaching their debtor's property. We are therefore of the opinion that even if the bill clearly alleged the motive which induced the conveyance by Johnson to have been to help defraud Walter's creditors, it would not therefore be demurrable inasmuch as the design was impossible of accomplishment.

In our judgment, however, the bill does not allege any such motive. It is perfectly clear that Johnson feared that a judgment against Walter might injure him, Johnson, and that to escape this danger and to protect his own creditors, and further to secure Peter, he joined in the conveyance. The allegation that Peter was to pay the unsecured debts against the property negatives the possibility that the conveyance was made to defraud these, Johnson's own creditors.

The case of Miller v. Marckle, 21 Ill. 151, has no application under this interpretation of the allegations in the bill. Whether or not the conveyance was made by appellant to hinder his creditors can be determined only on a full hearing after answer.

The decree will be reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*